IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES ALPINE<br>(TDCJ No. 1422624), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-606-L-BN |
| KENDALL RICHERSON, Warden,<br>ET AL. | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil rights action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless Plaintiff Charles Alpine pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

**Applicable Background**

Alpine (also known as Al-Pine), a Texas inmate, "has been cited for his history of filing 'abusive and scurrilous' lawsuits....

> He is well known at the United States Court of Appeals for filing pleadings that are baseless, successive, and abusive. *See In re Al-Pine*, No. 12-20005 (5th Cir. Feb. 9, 2012) ("Al-Pine is no stranger to this court."); *In re Al-Pine*, No. 11–20865 (5th Cir. Feb. 9, 2012) ("This court

>has repeatedly warned Al-Pine that the filing of frivolous, repetitive, or otherwise abusive pleadings in the future would invite sanctions."). Because Alpine has ignored previous warnings, the Fifth Circuit[ – as of more than five years ago – ]has twice imposed sanctions against him and has repeated warnings against pursuing frivolous appeals. *In re Al-Pine*, Nos. 12-20005; 11-20865.

*Alpine v. Thaler*, Civ. A. No. H-12-2445, 2012 WL 3756607, at *1 (S.D. Tex. Aug. 28, 2012) (footnote omitted).

He also has repeatedly been denied leave to proceed *in forma pauperis* ("IFP") based on 28 U.S.C. § 1915(g). *See, e.g., Alpine v. Richerson*, No. 3:17-cv-3147-L-BT (N.D. Tex. Dec. 22, 2017); *Alpine v. Obama*, Civ. A. No. 10 0778, 2010 WL 1994775 (D.D.C. May 13, 2010) (cataloguing some of his previous qualifying dismissals).

Through this current action, Alpine complains that officers at Texas Department of Criminal Justice's ("TDCJ") Allred Unit cut his hair in violation of his religious rights. *See* Dkt. No. 2 at 4. And he has moved for leave to proceed IFP. *See* Dkt. No. 3.

Given that Alpine's claims are based on events that occurred at the Allred Unit, in Wichita County, Texas, the proper venue for this civil rights action is the Wichita Falls Division of this district. *See* 28 U.S.C. §§ 1391(b) & 124(a)(6). And, where venue is laid "in the wrong division or district," the Court may, "in the interest of justice transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) (a district court may raise the issue of venue *sua sponte*). But, for the reasons explained below, consideration, here, of this matter under Section 1915(g) better serves the interest of justice than a transfer to Wichita Falls for the same consideration. *See,*

*e.g., Thomas v. Baker*, No. 3:15-cv-3544-K-BN, 2015 WL 7731373, at *1 (N.D. Tex. Nov. 6, 2015), *rec. accepted*, 2015 WL 7736181 (N.D. Tex. Nov. 30, 2015), *appeal dismissed*, No. 15-11261 (5th Cir. Feb. 25, 2016).

## Legal Standards and Analysis

A prisoner may not proceed IFP if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

The only exception to 28 U.S.C. § 1915(g)'s "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement of Section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

"Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez*, 2008 WL 4710808, at *1. "General

allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"); *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citing *Emmett v. Julye*, No. H-13-2693, 2013 WL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-98 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))), *aff'd*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam).

Alpine's current filing undoubtedly falls under the three-strikes provision. As such, under Section 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But the complaint lacks substantive factual allegations to show that Alpine currently is in imminent danger of serious physical injury as to overcome Section 1915(g).

The Court should therefore bar Alpine from proceeding *in forma pauperis*. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless Plaintiff Charles Alpine pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 16, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE